IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Bozena Lihter, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16 C 50080 |
| | ) | |
| vs. | ) | |
| | ) | |
| Pierce and Associates, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

### ORDER

For the reasons stated below, the court finds: 1) it is not divested of subject matter jurisdiction by the Rooker-Feldman doctrine; 2) the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights do not create private rights of action so plaintiffs cannot state a claim under them; and 3) *res judicata* bars plaintiffs' other claims. All of plaintiffs' claims are dismissed with prejudice. This case is terminated.

### STATEMENT-OPINION

Plaintiffs, Bozena Lihter and Krunoslav Trsinski, bring this action against defendant, Pierce & Associates, P.C. ("Pierce"). Jurisdiction is alleged under 28 U.S.C. § 1331.

Pierce is a law firm. CitiMortgage, Inc. ("CitiMortgage") was alleged, in a state court mortgage foreclosure action against Lihter and Trsinski (plaintiffs here), to be the plaintiff and the holder of the note and the mortgagee under the mortgage which were the subject of the state court action. The complaint in the state court action concludes with a signature provision which reads: "CITIMORTGAGE, INC. SUCCESSOR BY MERGER WITH ABN AMRO MORTGAGE GROUP, By: Pierce & Associates, Its Attorneys." Thus, according to the face of the complaint, Pierce was the attorney representing CitiMortgage in the state court case.

The state court case proceeded to judgment. Judgment was entered in favor of the state-court plaintiff (recall CitiMortgage was alleged to be the plaintiff in the state court complaint) and against Lihter and Trsinski. A judicial sale was held. On April 8, 2016, the sale was confirmed in the state court proceeding.

On March 28, 2016, eleven days prior to the state court entering the order confirming the sale, plaintiffs filed the instant suit here in federal court against Pierce. In the complaint, plaintiffs refer to Pierce as "Wrongdoer" and themselves as "Claimants". The complaint alleges: "Wrongdoer claims to be Citimortgage's law firm who filed a foreclosure lawsuit against

1

Claimants on February 13, 2013 in McHenry County Chancery Court. Wrongdoer signed the lawsuit and not their alleged client, Citimortgage. Wrongdoer contacted Claimants that they are a debt collector and that this lawsuit (13-CH-340) was an attempt to collect a debt. In court hearings Claimants have repeatedly required a contract they had with this third party debt collector which they never provided. Claimants also required the original contract proving Wrongdoer was in fact hired by Citimortgage, also to no avail. The court was presented with all these issues, including this Wrongdoer violating FDCPA, but the court was not interested in hearing the facts. Claimant does not have a contract with this Wrongdoer and denied consent to one. When the court granted foreclosure judgment and allowed the sale of property, Claimant believes in error, this Wrongdoer then fraudulently and unconscionably sold Claimant's property by the auctioneer that is not licensed or bonded in Illinois. It was the Wrongdoer who brought two robosigned affidavits to the court, as well as a forged note pretending it was a genuine document with Claimants' wet ink signatures provided by their client. Claimants required the Wrongdoer's attorney to be put on the stand under oath under penalty of perjury because it is known that an attorney cannot be a witness and attorney under Trinsey v. Pagliaro D.C. Pa 1964 F. Supp. 647. It was denied by the court, Claimants believe also in error. This gave Wrongdoers more freedom to keep charging at Claimants using many tricks which are nothing but fraud upon Court. Not one time have they answered Claimants' requests for various documents to verify the claim. Not one time have they offered a remedy or relief and court never encourage it either, so Maxim of Law that no one has to depart Chancery Court without remedy did not hold true in McHenry County Chancery Court."

The complaint further alleges: "Wrongdoer breached trust Claimants have in the attorney's position and profession. They attempted to collect a debt which they do not own, which Claimants do not owe them as the third party debt collectors. This is a false claim on their part which Illinois foreclosure practices do not allow. Wrongdoer came to court with unclean hands, like their alleged client Citimortgage, Inc."

The complaint goes on to assert defendant "used mail in their deceptive debt collection attempts"and violated the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights.

In their prayer for relief, plaintiffs ask for a "declaratory judgment against Wrongdoer(s) for violating International Covenants and Declarations against Claimants." They ask the court to "[a]ward compensatory damages against Wrongdoer(s) for all the harm they and their heirs endured for a minimum three years of wrongful foreclosure proceedings in which their lives and their health have been irreparably harmed." Plaintiffs also ask for punitive damages.

Defendant moves to dismiss [4] arguing the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine and that plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs have not filed a response to this motion.

The Rooker-Feldman doctrine bars federal courts other than the Supreme Court of the United States from reviewing judgments entered by state courts in civil litigation. Harold v.

Steel, 773 F.3d 884, 885 (7th Cir. 2014). The "doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." Id. It bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Under Illinois law, the order confirming the sale is the final judgment in a mortgage foreclosure case. EMC Mortgage Corp. v. Kemp, 982 N.E.2d 152, 154 (Ill. 2012). The "judgment ordering the foreclosure of the mortgage" is not a final judgment. Id. The order confirming the sale was entered by the state court on April 8, 2016. Since the instant federal case was filed on March 28, 2016, before the final judgment in the state court case, Rooker-Feldman does not preclude plaintiffs' suit here. The Supreme Court expressly limits the Rooker-Feldman bar to "state-court judgments rendered, before the district court proceedings commenced." Exxon, 544 U.S. at 284. "[A]n interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction." TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005). The state court judgment ordering the foreclosure of the mortgage was such an interlocutory ruling. Kemp, 982 N.E.2d at 154. Since plaintiffs filed their federal action prior to the entry of the final state court judgment, Rooker-Feldman does not deprive this court of subject matter jurisdiction over this suit.

After a federal district court determines Rooker-Feldman does not deprive it of subject matter jurisdiction, "[l]ogically, the district court's next inquiry is whether the doctrine of claim preclusion (*res judicata*) applies." Iqbal v. Patel, 780 F.3d 728, 730 (7th Cir. 2015). "[T]hat preclusion differs from the Rooker-Feldman doctrine and comes to the fore once the federal court concludes that it has subject-matter jurisdiction." Id. A federal court will "apply the same preclusive effect to a state court judgment as the state court itself would apply. 28 U.S.C. § 1738." Empress Casino Joliet Corp. v. Johnston, 763 F.3d 723, 727 (7th Cir. 2014). "Under Illinois law, for the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." Id. at 727-28 (internal quotation marks and citation omitted.)

As discussed above, a final judgment on the merits was entered on April 8, 2016 when the state court confirmed the judicial sale. Kemp, 982 N.E.2d at 154. There is an identity of parties or their privies because plaintiffs were parties to the prior action and defendant was the attorney for a party and thus in privity for *res judicata* purposes. Guerriero v. Merit Lincoln Park, LLC, No. 08 C 2388, 2008 WL 4696070, *3 (N.D. Ill. Oct. 22, 2008) (Leinenweber, J.) (applying Illinois law).

As to an identity of cause of action, Illinois applies the transactional test to determine identity of cause of action. River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893 (Ill. 1998). Under the transactional test, "separate claims will be considered the same cause of action for purposes of r*es judicata* if they arise from a single group of operative facts, regardless of

3

whether they assert different theories of relief." Id. "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." Id. at 889. *Res judicata* "bars suits based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of the later action would either nullify the earlier judgment or impair the rights established in the earlier action." Kosydor v. American Express Centurion Services, Corp., 979 N.E.2d 123, 128 (Ill. App. 2012).

Under the Illinois transactional test, plaintiffs' claims are barred by *res judicata*. Plaintiffs' claims all involve matters that were decided or could have been decided in the state court action. Plaintiffs claim that defendant lacked authority to represent CitiMortgage in the foreclosure and that defendant was violating the Fair Debt Collection Practices Act. The complaint alleges the state court "was presented with all these issues, including this Wrongdoer violating FDCPA, but the court was not interested in hearing the facts." The complaint itself, therefore, admits the lack of authority claim and the FDCPA violation claim were expressly raised and rejected in the state court proceeding. Any error by the state court must be redressed on appeal in the Illinois state courts.

The complaint alleges plaintiffs did "not have a contract with this Wrongdoer and denied consent to one." However, the state court awarded judgment to CitiMortgage (the party identified as the plaintiff in the state court case) not to Pierce. The judgment is a finding that CitiMortgage owned the note and mortgage and was entitled to judgment on it. The judgment gives nothing to Pierce. Whether or not plaintiffs had a contract with Pierce is irrelevant. It is CitiMortgage who obtained the judgment. Again, errors made by the state court must be redressed on appeal in the Illinois courts.

The complaint alleges defendant "fraudulently and unconscionably sold Claimant's property by the auctioneer that is not licenced or bonded in Illinois." But, the state court confirmed the sale and the confirmation order resolved any issues related to the sale's propriety. Again, this is a matter that can only be pursued on Illinois appellate review.

The complaint alleges a forged note and robosigned affidavits were presented to the state court but these too are matters necessarily resolved in the entry of the judgment which can only be pursued in the state appellate court.

The complaint also quotes the Universal Declaration of Human Rights ("Delcaration") Article 12 ("No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honour and reputation. Everyone has the right to the protection of the law against such interference or attacks.") and the International Covenant on Civil and Political Rights ("Covenant") Article 17 ("1. No one shall be subjected to arbitrary or unlawful interference with his privacy, family, home or correspondence, nor to unlawful attacks on his honour and reputation. 2. Everyone has the right to the protection of the law against such interference or attacks.") and asks the court to "enter declaratory judgment against Wrongdoer(s) for violating International Covenants and Declarations against Claimants." However, neither the Declaration nor the Covenant creates a private right of action that can be brought in federal court

so plaintiffs cannot state a claim based on them.  The Declaration does not impose obligations as a matter of international law and the Covenant is not self-enforcing and does not "create obligations enforceable in federal courts." Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004); see also, Ruhaak v. Commissioner of Internal Revenue, 422 Fed. Appx. 530 (7th Cir. 2011); Konar v. Illinois, 327 Fed. Appx. 638 (7th Cir. 2009).  Plaintiffs' claims must be dismissed.

      For the foregoing reasons, the court finds: 1) it is not divested of subject matter jurisdiction by the Rooker-Feldman doctrine; 2) the Universal Declaration of Human Rights and the International Covenant on Civil and Political Rights do not create private rights of action so plaintiffs cannot state a claim under them; and 3) *res judicata* bars plaintiffs' other claims.  All of plaintiffs' claims are dismissed with prejudice.  This case is terminated.

Date: 9/13/2016                    ENTER:

*Philip G. Reinhard*

United States District Court Judge

Notices Mailed by Judicial Staff. (LC)